**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

vs.
                                               **Case No. 4:92cr4013-WS
Case No. 4:06cv29-WS/WCS**

**PATRICIA CLARKE,**

    Defendant.

                                  /

**REPORT AND RECOMMENDATION ON MOTION**

Defendant Clarke filed a "motion to eliminate enhancements [and] reduce sentence [and] postconviction rehabilitation departure 5H1.1." Doc. 1690. Defendant claims that her sentence was improperly enhanced based on facts not charged or decided by a jury beyond a reasonable doubt. *Id.*, p. 2, citing United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Defendant claims her motion is timely under Dodd v. United States, 545 U.S. 353, __, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005). *Id.*, p. 3. Defendant also claims entitlement to a downward departure based on postconviction rehabilitation and her young age at the time of the offense (U.S.S.G. § 5H1.1). *Id.*, pp. 3-8 and attachments.

Defendant is "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," and her remedy is under the plain language of 28 U.S.C. § 2255.

Defendant was previously denied § 2255 relief on the merits. Docs. 1393 and 1431 (report and recommendation as adopted by the court). In essence, therefore, Defendant's current motion is a second or successive § 2255 motion.[1] Defendant must obtain an order from the court of appeals authorizing this court to consider a second or successive motion. § 2255 (referencing § 2244); § 2255 Rule 9(b). *See also* doc. 1492 (order on Defendant's letter directing the clerk to send forms, advising Defendant "she must obtain leave from the Eleventh Circuit to file a successive § 2255 motion."). Absent authorization, this court lacks jurisdiction to consider a second or successive motion. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005), *citing* Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (2255 motion).

Whether or not Defendant is entitled to a downward departure – for post conviction conduct or otherwise – is conditional on re-sentencing. The court cannot

---

[1] "[N]othing the Supreme Court said or did in [Castro v. United States, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003)] implies that the § 2244(b) restrictions can be evaded by the simple expedient of labeling second or successive filings to be something they are not." Gonzalez v. Secretary for the Dept. of Corrections, 366 F.3d 1253, 1277, n. 10 (11th Cir. 2004) (en banc); affirmed (using a different analysis) in Gonzalez v. Crosby, 545 U.S. __, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); Jackson v. Crosby, 437 F.3d 1290, 1294-95 and n. 6 (11th Cir. 2006) (noting that the Supreme Court did not disturb the full en banc decision in Gonzalez). *See also* United States v. Lloyd, 398 F.3d 978, 980 (7th Cir.2005) ("[a] captioning error in a successive collateral proceeding cannot cost the prisoner any legal entitlement, so *Castro*'s warn-and-allow-withdrawal approach does not apply.").

Case Nos. 4:92cr4013-WS and 4:06cv29-WS/WCS

consider the merits under § 2255, and there is no other basis for re-sentencing. There is no reason Defendant's age could not have been raised previously, and no reason for a departure.[2] Defendant raised post conviction rehabilitation as a basis for a downward departure in the § 2255 motion, and it was rejected because it did not provide a basis for re-sentencing. Doc. 1393, pp. 8-9. *See also* Quesada-Mosquera v. United States, 243 F.3d 685, 686-687 (2d Cir.), *cert. denied*, 534 U.S. 872 (2001) (post-conviction rehabilitation could not constitute grounds for re-sentencing under 18 U.S.C. § 3582(c)(2)) (*distinguishing* United States v. Core, 125 F.3d 74 (2d Cir. 1997), *cert. denied*, 522 U.S. 1067 (1998), which found consideration of a downward departure on this basis permissible at re-sentencing after a successful § 2255 motion).[3]

Finally, it is noted that the Supreme Court recently granted certiorari as to the retroactive application of Booker. Burton v. Waddington, 142 Fed. Appx. 297 (9th Cir. 2005) (not published in the Federal Reporter), *cert. granted*, __ S.Ct. __, 2006 WL 393368 (June 5, 2006). If and when a new rule of constitutional law, previously

---

[2] In 1987 (when first adopted) as well as today, age is not ordinarily relevant in determining whether a sentence should be outside the guidelines, though it may be a reason to go below the guidelines if the offender is elderly *and* infirm and another form of confinement would be equally efficient. § 5H1.1 (1987) and (2005).

[3] As amended effective November 1, 2000, U.S.S.G. § 5K2.19 provides that "[p]ost-sentencing rehabilitative efforts, even if exceptional, undertaken by a defendant after imposition of a term of imprisonment for the instant offense are not an appropriate basis for a downward departure when re-sentencing the defendant for that offense." The amendment was prompted by conflicts in the circuit courts over whether this could be considered the basis for a downward departure on re-sentencing following direct appeal or successful § 2255 motion. See Amendment 602, "Reason for Amendment" (collecting cases). Such a departure would inequitably benefit only those few who obtained the opportunity to be resentenced de novo. *Id.*; Quesada-Mosquera, 243 F.3d at 687 ("the alleged inequity appellant perceived no longer exists: no one may have post-sentencing rehabilitation considered upon re-sentencing.").

Case Nos. 4:92cr4013-WS and 4:06cv29-WS/WCS

unavailable, is "made retroactive to cases on collateral review by the Supreme Court," leave for filing a second or successive motion is expressly authorized, but such leave must still be obtained from the court of appeals.  § 2255 (incorporating § 2244).  If authorization for filing in this court is ever granted, Defendant's claim may well be time barred.  Dodd v. United States, 545 U.S. 353, __, 125 S.Ct. 2478, 2483, 162 L.Ed.2d 343 (2005) ("because of the interplay between ¶¶ 8(2) and 6(3) [of § 2255], an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year.").

It is therefore respectfully **RECOMMENDED** that Defendant's motion, doc. 1690, be **SUMMARILY DISMISSED**, as authorization for filing a second or successive § 2255 motion has not been granted by the court of appeals.

**IN CHAMBERS** at Tallahassee, Florida, on June 28, 2006.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNIFIED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case Nos. 4:92cr4013-WS and 4:06cv29-WS/WCS