**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

                                              Case No. 4:92cr4013-WS

**vs.**

**PATRICIA CLARKE,**

     **Defendant.**

_____/

## REPORT AND RECOMMENDATION ON RULE 60 MOTION

Defendant Clarke filed a motion titled "Rule 60(b)(2) relief from judgement or order." Doc. 1746. Defendant claims to rely on newly discovered evidence which could not have been discovered in time to move for a new trial under Fed.R.Civ.P. 59(b). This "newly discovered evidence" is based on the undersigned's second report and recommendation of July 11, 2000. Doc. 1393.

By way of background, Defendant was granted additional time and filed objections to the second report and recommendation. Docs. 1416 and 1426.[1]

---

[1] Defendant's request for transcripts was denied, as she did not specify how the transcripts were relevant to a non-frivolous issue. Doc. 1424 (also reminding Defendant that objections were due by September 20, 2000).

In her objections to the second report and recommendation, Defendant argued that she did not know that the Government had sent a plea offer to her attorney, Ronald Jones, until she read the Government's response to the § 2255 motion, and she asked for an evidentiary hearing.  Doc. 1426, pp. 7 and 11, 15 (exhibits, including a page from the report and recommendation and a page from the Government's response).  Defendant argued repeatedly in the objections that Jones lied and did not tell her about the plea offer, show her the written agreement, or give her the opportunity to sign it, and lied in saying she would not testify against her brother.  *Id.*, pp. 1-3, 4-5, 7.

The report and recommendation was adopted, over Defendant's objections, by order entered on the docket on November 2, 2000.  Doc. 1431.  Defendant did not appeal.

In the Rule 60(b)(2) motion now before the court, Defendant claims that she learned from the second recommendation that the prosecutor sent a proposed plea agreement to attorney Jones, and that Jones lied to her and the prosecutor about the plea after she fully cooperated.  Doc. 1746, pp. 1-2.  "In the Second Report and Recommendation from the magistrate [t]he defendant Clarke found out that Mr. Jones went to the government and told them that I didn't want to testify against my brother [Michael] Morgan.  This statement is untrue."  *Id.*, p. 2 (referencing an attached affidavit from Morgan dated May 1, 2007).  Defendant represents that Jones was disbarred while representing her.  *Id.*, p. 3.  She claims that his failure to show her the Government's plea offer deprived her of the chance to earn a substantial assistance motion.  *Id.*  Defendant also claims that, although "[i]n the Second Report and Recommendation, the government expressed that the Defendant Clarke has not demonstrated that she is

entitled to an evidentiary hearing," she now requests a hearing and asserts the right to employ and consult with counsel. *Id.* For relief, Defendant asks the court to "grant an evidentiary hearing or resentence the petitioner accordingly." *Id.*

Defendant is not entitled to relief under Rule 60(b) or otherwise. As a Fed.R.Civ.P. 60(b)(2) motion addressed to the order adopting the second report and recommendation, entered in November of 2000, it is untimely. Rule 60(b) (providing that a motion for reasons (1), (2), or (3) the motion must be made "not more than one year after the judgment, order, or proceeding was entered or taken.").[2] If construed as addressed to the criminal judgment itself, it should be denied as "Rule 60(b) simply does not provide for relief from judgment in a criminal case." United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998); United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (quoting Mosavi).

In limited circumstances, Rule 60(b) can provide relief from an earlier denial of a § 2255 petition. *See* Gonzalez v. Crosby, 545 U.S. 524, 533-36, 125 S.Ct. 2641, 2648-50, 162 L.Ed.2d 480 (2005) (when no "claim" for relief from the criminal judgment is presented, a Rule 60(b) motion may challenge denial of 28 U.S.C. § 2254 relief and

---

[2] Motions based on Rule 60(b)(4), (5), or (6) "shall be made within a reasonable time." Under the catchall provision of Rule 60(b)(6) – for "any other reason justifying relief from the operation of the judgment" –  a showing of "extraordinary circumstances" is also required, and such circumstances "will rarely occur in the habeas context" Gonzalez, 545 U.S. at 535-536, 125 S.Ct. at 2649-2650 (citations omitted). *See also* 545 U.S. at 537-538, 125 S.Ct. at 2651 (finding the change in law asserted there "all the less extraordinary . . . because of [petitioner's] lack of diligence" in failing to pursue the issue on appeal). *See also* Outler v. United States, 485 F.3d 1273, 1281-82 (applying the discussion of extraordinary circumstances from Gonzalez in the equitable tolling context where a change of law was asserted, also noting that in Outler, like Gonzalez, did not pursue the issue on appeal, and did not file a petition for writ of certiorari).

should not be treated as a second or successive petition).[3]  "[A] Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated" would circumvent the requirements of § § 2244(b)(2); "even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims 'presented in a prior application,' § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b)."  Gonzalez, 545 U.S. at 531, 125 S.Ct. at 2647.  Section 2255 contains language quite similar to § 2244(b)(2)(B),[4] requiring that a second or successive § 2255 motion must be certified as provided in § 2244 to contain, *inter alia*, "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense."  § 2255, ¶ 8(2).  This is "a more convincing

---

[3] The Eleventh Circuit's opinion (before the Court in that case) addressed claims brought by two § 2254 petitioners and one § 2255 movant, and noted no material difference between § § 2254 and 2255 for purposes of Rule 60.  Gonzalez v. Secretary for Dept. Of Corrections, 366 F.3d 1253, 1262 (11th Cir. 2004).  Only one § 2254 petitioner was granted certiorari review, and the Supreme Court expressly limited its opinion to the application of Rule 60 in habeas proceedings under § 2254.  Gonzalez, 545 U.S. at 529, n. 3, 125 S.Ct. at 2646, n. 3.  The rationale should apply in this § 2255 context.  See United States v. Terrell, 141 Fed.Appx. 849, 851, 2005 WL 1672122, at **2 (11th Cir. 2005) (Gonzalez was decided only in the § 2254 context, "we believe that its holding and rationale apply equally to § 2255, and that it controls the disposition of this appeal.").  See also Jackson v. Crosby, 437 F.3d 1290, 1294-95 and n. 6 (11th Cir.) (noting the Supreme Court did not disturb the full en banc decision in Gonzalez), *cert. denied*, 127 S.Ct. 240 (2006).

[4] "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."  § 2244(b)(1).  Section 2244(b(2)(B) provides that a claim *not* presented in a prior § 2254 application shall be dismissed unless the factual predicate could not previously have been discovered by due diligence, *and* the "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

Case Nos. 4:92cr4013-WS

factual showing" than Rule 60(b)(2), requiring "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)," and Defendant should not be permitted to evade the restrictions on filing second or successive § 2255 motions.

As Defendant has previously been advised,[5] she must obtain an order from the court of appeals authorizing this court to consider a second or successive motion. § 2255 (referencing § 2244); § 2255 Rule 9(b).

Finally, even aside from the successive nature of the motion, Defendant is almost certainly barred by the one year limitations period for filing a § 2255 motion.[6]

---

[5] Doc. 1492 (order on Defendant's letter motion) and doc. 1710, p. 2 (report and recommendation as adopted by doc. 1714).

[6] Her initial § 2255 motion was found untimely by the undersigned, but the recommendation of dismissal on this basis was not adopted as the court had granted a motion for extension of time.  Docs. 1266 and 1275.  Granting of additional time was unusual and (in hindsight) probably erroneous.  See, United States v. Leon, 203 F.3d 162, 164 (2nd Cir. 2000) ("a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed.") (collecting cases).  The same day the extension was granted appointment of counsel was also granted (docs. 1190 and 1191); the order appointing counsel was vacated shortly thereafter.  Doc. 1197.  In any event, if the time for the current claim could be commenced from the date specified in § 2255 ¶ 6(4) (the date Defendant discovered the facts), it would run from the date the second report and recommendation was adopted (or a few days later, when Defendant received the order adopting it), and the one year expired in November of 2001.

It is therefore respectfully **RECOMMENDED** that Defendant's Rule 60(b) motion, doc. 1746, be **SUMMARILY DISMISSED**, as authorization for filing a second or successive § 2255 motion has not been granted by the court of appeals.

**IN CHAMBERS** at Tallahassee, Florida, on October 4, 2007.

        s/    William C. Sherrill, Jr.
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**