IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.  Case No. 4:92cr4013-WS
Case No. 4:13cv138-WS/CAS

PATRICIA CARLENE CLARKE,

      Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2255 MOTION

On March 19, 2013, Defendant Patricia Carlene Clarke, proceeding pro se, filed a motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. Doc. 2062. Defendant seeks relief based on the United States Supreme Court's recent decisions in Missouri v. Frye, – U.S. –, 132 S.Ct. 1399 (Mar. 21, 2012); Lafler v. Cooper, – U.S. –, 132 S.Ct. 1376 (Mar. 21, 2012); and Martinez v. Ryan, – U.S. –, 132 S.Ct. 1309 (Mar. 20, 2012). See Doc. 2062.

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After reviewing the record, the

undersigned concludes the Court lacks jurisdiction to entertain Defendant's § 2255 motion.

Defendant was previously denied relief under § 2255. See Docs. 1188 (§ 2255 motion), 1393 (report and recommendation to deny § 2255 on merits with prejudice), 1431 (order adopting recommendation and denying § 2255 motion with prejudice). Defendant then tried again to obtain relief under § 2255 and that motion was summarily dismissed as successive. See Doc. 1690 (§ 2255 motion), 1710 (report and recommendation to dismiss § 2255 as successive), 1714 (order adopting report and recommendation and dismissing § 2255 motion), 1715 (judgment dismissing § 2255 motion as authorization for filing second or successive § 2255 motion not granted by Eleventh Circuit).

As Defendant has been previously informed, before filing a second or successive application for § 2255 relief in the district court, Defendant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2244(b)(3), 2255(h). See Doc. 1710; see, e.g., Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005). Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion. Therefore, the instant § 2255 motion should be summarily dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

After review of the record, the undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the Court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion pursuant to 28 U.S.C. § 2255 (Doc. 2062) be **SUMMARILY DISMISSED**.
2. A certificate of appealability be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 21, 2013.

                                                  **S/ Charles A. Stampelos**
                                                  **CHARLES A. STAMPELOS**
                                                  **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**