UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  4:92cr4013–WS/CAS
4:17cv184–WS/CAS

PATRICIA CLARKE,

    Defendant.

_____

ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

Before the court is the magistrate judge's very thorough report and recommendation (ECF No. 2233) docketed December 10, 2018. The magistrate judge recommends that Patricia Clarke's pending motion (ECF No. 2170) to vacate Count 28 of the third superseding indictment, construed as a motion to vacate pursuant to 28 U.S.C. § 2255, be dismissed as successive. The magistrate judge also recommends that Clarke's pending motion (ECF No. 2230) to reopen a previous § 2255 motion pursuant to Rule 60(b)(4) & (6) be denied as untimely. Clarke has filed objections (ECF No. 2234) to the magistrate judge's report and recommendation.

As noted both by the magistrate judge and by the government in its

opposition response (ECF No. 2215) to Clarke's pending motion, Clarke has repeatedly sought relief pursuant to § 2255. Her first § 2255 motion (ECF No. 1243), filed in 1998, was denied by this court on the merits. (ECF No. 1431). When she again sought § 2255 relief in 2006 (ECF No. 1690), in 2007 (ECF No. 1746), and in 2013 (ECF No. 2062), her motions were dismissed because the Eleventh Circuit had not granted authorization for such successive § 2255 motions. Indeed, on two occasions, the Eleventh Circuit has denied Clarke's applications for leave to file a second or successive § 2255 motion, once on August 22, 2013 (appellate Case No. 13–13382) and once on March 21, 2014 (appellate Case No. 14–10724). Now, in her latest motion, Clarke has not asserted that she either applied for, or was granted, authorization by the Eleventh Circuit. The Eleventh Circuit, moreover, has not provided this court with notice that such authorization has been granted.

In her most recent motion to vacate, Clarke asks this court, in the interest of fairness, to "follow the Holloway Doctrine by vacating count 28 and reducing her sentence to 30 years."[1] (ECF No. 2170 at p. 2). The magistrate judge correctly

---

[1] *See United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014) (reducing Holloway's sentence in 2014, *with the government's agreement* and in "the spirit of fairness," long after his first § 2255 motion was denied in 2002, after his application to file a second § 2255 motion was denied by the court of appeals in 2010, and where "no legal avenues or bases" for such reduction existed).

construed Clarke's motion as a successive § 2255 motion. *See United States v. Jackson*, No. 16–CV–01146–RB–CG, No. 06–CR–01795–RB (D. N. Mex. May 19, 2017) (treating the defendant's *Holloway* motion as a second or successive § 2255 motion). Because the Eleventh Circuit has not granted Clarke leave to file her motion, this court lacks jurisdiction to consider her request for relief. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.")

Even if this were Clarke's first § 2255 motion, it would fail on the merits. The Eleventh Circuit has repeatedly emphasized that district courts have no inherent authority to modify a sentence outside the framework provided by statutes and the Federal Rules of Criminal Procedure. *See, e.g., United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015) ("The law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule."); *United States v. Phillips*, 597 F.2d 1190, 1195 (11th Cir. 2010) ("Absent . . . express statutory authority, modification of an imprisonment sentence can only be done pursuant to Rule 35."); *United States v. Diaz-Clark*, 292 F.3d 1310, 1317–1318 (11th Cir. 2002) (collecting cases and holding that the district court acted without jurisdiction when it resentenced defendant based on its "inherent authority" to modify a sentence it deemed illegal).

Here, Clarke seeks a vacatur and a reduction in her sentence based not on a statute or rule but on a decision by the district court in the Eastern District of New York, a decision that—in the absence of any "legal avenues or bases"—was bottomed on some ill-defined "spirit of fairness." *Holloway*, 68 F. Supp. 3d at 311. The Eleventh Circuit has not endorsed (nor has any other circuit court of appeals endorsed) the so-called "*Holloway* Doctrine," and district courts around the country have uniformly declined to follow the New York judge's lead, *Wright v. United States*, No. 4:95cr39, No. 4:95cr44, 2018 WL 4854081, at *2 (E.D. Va. Oct. 5, 2018) (noting that district courts have denied relief based on *Holloway* in seventy-one reported cases); *see also United States v. Scott*, No. 1:04cr453, 2017 WL 9250298, at * 2 (E.D. Va. Apr. 18, 2017) (declining to follow *Holloway*, finding that "district courts do not retain inherent authority to reduce a defendant's sentence on the grounds of 'fairness' or 'justice'"). This court now joins the many courts that have determined that the "*Holloway* Doctrine" provides no legal basis upon which to grant a vacatur or sentence reduction.

The court commends Clarke for her exemplary prison conduct and for the steps she has taken to rehabilitate herself while in prison. Nevertheless, this court lacks the authority to grant the relief she seeks. Accordingly, it is ORDERED:

1. The magistrate judge's report and recommendation (ECF No. 2233) is

ADOPTED and incorporated by reference into this order.

2. Patricia Clarke's "Motion to Vacate Count 28 . . . Under the Holloway Doctrine" (ECF 2170) is DISMISSED as successive.

3. Patricia Clarke's "Motion to Set Aside Void 28 U.S.C. Judgment Thus Re-Opening Petitioner 2255 Motion Pursuant to Rule 60(b)(4)(6)" (ECF 2230) is DENIED.

4. A certificate of appealability is DENIED.

DONE AND ORDERED this __12th__ day of __February__, 2019.


                              s/ William Stafford
                              WILLIAM STAFFORD
                              SENIOR UNITED STATES DISTRICT JUDGE